UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALESHIA GOLFIN,

    Plaintiff,

v.                                                  Case No: 8:15-cv-127-T-36TGW

ALORICA INC.,

    Defendant.
_____/

# **ORDER**

This matter comes before the Court upon the Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 7), and Plaintiff's Response thereto (Doc. 10). In the motion, Defendant states that Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion to Dismiss.

**I.    Background**

Plaintiff's Amended Complaint (Doc. 2) asserts claims under the Florida Civil Rights Act ("FCRA") and the Americans with Disabilities Act ("ADA") against her employer. The facts alleged in the Amended Complaint, which must be taken as true for purposes of this motion[1], are as follows:

Plaintiff Aleshia Golfin worked for Defendant Alorica, Inc. as a Customer Care Professional from on or about October 3, 2011 until October 31, 2013. Doc. 2 ¶ 11. At all times material, Plaintiff was qualified to perform her job with Defendant within the legitimate

---

[1] *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

expectations of her employer. *Id.* ¶ 12. Plaintiff was an employee in good standing with the Defendant prior to her termination or constructive discharge. *Id.* Plaintiff's daughter is an individual with a disability/handicap. *Id.* ¶ 13. Defendant subjected Plaintiff to disparate treatment because of her association with her daughter who is disabled/handicapped. *Id.* ¶ 14. In addition, Defendant forced Plaintiff to quit her employment and/or terminated her employment as a result of her daughter's disability/handicap or because she sought an accommodation for her daughter's disability or handicap. *Id.* ¶ 15.

In her Amended Complaint, Plaintiff brings the following six counts: (I) Handicap discrimination under the FCRA, (II) Retaliation under the FCRA, (III) Denial of reasonable accommodation under the FCRA, (IV) Disability discrimination under the ADA, (V) Denial of reasonable accommodation under the ADA, and (VI) Retaliation under the ADA. Defendant has moved for dismissal of all six counts. Plaintiff has requested an opportunity to amend Counts III and V, both for "denial of reasonable accommodation", but maintains that the remaining counts are sufficiently plead.

## II.     Standard of Review

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*. (citation omitted).  The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

**III.   Discussion**

    **A.   Disability Discrimination under the ADA and FCRA (Counts I and IV)**

        *1.   Failure to Exhaust Administrative Remedies*

Before instituting an action under the ADA or the FCRA, a private plaintiff first must file a complaint with either the Equal Employment Opportunity Commission (the "EEOC") or the Florida Commission on Human Relations (the "FCHR"), respectively, against the party who committed the allegedly discriminatory acts. *See* 42 U.S.C. § 12117(a); Fla. Stat. § 760.11(1)-(4); *Baker v. City of Safe Harbor, Fla.,* No. 8:07-cv-1120-T-23TGW, 2008 WL 4200147, 9 (M.D. Fla. Sept. 12, 2008). The plaintiff then must receive a notice from the EEOC (or the FCHR) providing the plaintiff with the right to sue, which must be acted upon within ninety (90) days of receipt. *Baker,* 2008 WL 4200147 at 9.

Defendant argues that Counts I and IV should be dismissed because they allege a "disparate treatment" claim which was not alleged in Plaintiff's administrative charge (Doc. 7-1)[2]. While the charge does not explicitly mention a disparate treatment theory of liability, the claim falls within "the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges." *Gregory v. Georgia Department of Human Resources,* 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting *Alexander v. Fulton County, Ga.,* 207 F.3d 1303, 1332 (11th Cir. 2000)). Plaintiff's

---

[2] "A court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *S.E.C. v. Bankatlantic Bancorp, Inc.,* No. 12-60082-CIV, 2012 WL 1936112, at *8 (S.D. Fla. May 29, 2012) (citing *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir. 2002)).

administrative charge alleged disability discrimination and she was not required to specify each legal theory on which that claim could be based. *See Danner v. Phillips Petroleum Co.,* 447 F.2d 159, 161-62 (5th Cir. 1971); *Gregory,* 355 F.3d at 1280. Accordingly, Counts I and IV will not be dismissed for failure to exhaust administrative remedies.

    2.  *Failure to State a Claim*

  The Americans with Disabilities Act prohibits employers from discriminating against "a qualified individual on the basis of disability in regard to job application procedures, hiring, advancement, or discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); *Earl v. Mervyns, Inc.* 207 F.3d 1361, 1365 (11th Cir. 2000). The FCRA likewise prohibits employment discrimination on the basis of an individual's handicap. *See* Fla. Stat. § 760.10. Disability discrimination claims under the FCRA are analyzed under the ADA. *See Wimberly v. Securities Tech. Grp., Inc.*, 866 So. 2d 146, 147 (Fla. 4th DCA 2004).

  Discrimination under the ADA includes "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112 (b)(4). "A familial association is an example of a protected relationship under the associational provision of the ADA." *Rocky v. Columbia Lawnwood Reg'l Med. Ctr.,* 54 F. Supp. 2d 1159, 1164 (S.D. Fla. 1999) (citing *Den Hartog v. Wasatch Academy,* 129 F.3d 1076, 1082 (10th Cir. 1997); *Hilburn v. Murata Electronics N. Am.*, 17 F. Supp. 2d 1377, 1383 (N.D. Ga. 1998); 29 C.F.R. § 1630.8).

  A *prima facie* case of associational disability discrimination requires the following elements: "(1) that the Plaintiff was qualified for the job at the time of the adverse employment action; (2) that she was subjected to an adverse employment action; (3) that she was known by her employer at the time to have a relative or associate with a disability; and, (4) that the adverse

employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision." Rocky, 54 F. Supp. 2d at 1166 (citing *Den Hartog,* 129 F.3d at 1085; *Walthall v. Fulton County Sch. Dist.,* 18 F. Supp. 2d 1378, 1387-88 (N.D. Ga. 1998); *Hilburn*, 17 F. Supp. 2d at 1383). Defendant contends that Plaintiff has failed to allege sufficient facts to support this claim.

Plaintiff argues that she has sufficiently alleged these elements by asserting that "Defendant forced Plaintiff to quit her employment and/or terminated her employment as a result of her duaghter's (sic) disability/handicap or because she sought an accommodation for her daughter's disability or handicap." Doc. 2 ¶ 15. However, this conclusory statement is not sufficient to meet the *Twombly/Iqbal* standard. Plaintiff must plead the facts that support this allegation, not just her conclusions or beliefs. Furthermore, "forcing Plaintiff to quit" because she requested a reasonable accommodation for her daughter's disability does not necessarily amount to disability discrimination under the ADA. "[T]he associational provision of the ADA does not require employers to make any 'reasonable accommodation' for the disabilities of relatives or associates of a nondisabled employee." *Rocky,* 54 F. Supp. 2d at 1165 (citing *Hilburn,* 17 F. Supp. 2d at 1384; *Den Hartog,* 129 F.3d at 1084; 42 U.S.C. § 12112(b)(5)(A) and (B); 29 C.F.R. pt. 1630.8 app. at 349; H.R. Rep. No. 101-485, pt. 2, at 61-62 (1990). Plaintiff must provide additional factual details to establish this claim. Accordingly, Plaintiff has failed to state a claim for relief in both Counts I and Count IV and these counts will be dismissed.

### B.     Failure to Provide Accommodation (Counts III and V)

As previously discussed, "the associational provision of the ADA does not require employers to make any 'reasonable accommodation' for the disabilities of relatives or associates of a nondisabled employee." *Rocky,* 54 F. Supp. 2d at 1165 (citing *Hilburn*, 17 F. Supp. 2d at 1384;

5

*Den Hartog,* 129 F.3d at 1084; 42 U.S.C. § 12112(b)(5)(A) and (B); 29 C.F.R. pt. 1630.8 app. at 349; H.R. Rep. No. 101-485, pt. 2, at 61-62 (1990). Plaintiff has made no allegations that she was disabled under the ADA (or FCRA) and, likewise, has not alleged that she requested or required an accommodation for such a disability. Instead, she supports these claims with little more than the allegation that Defendant failed to provide accommodations for her daughter. This is not sufficient to state a claim under the ADA or FCRA. Accordingly, Counts III and V must be dismissed.

        **C.**     **Retaliation under the ADA and FCRA (Counts II and VI)**

The ADA prohibits an employer from "discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by [the ADA]." 42 U.S.C. § 12203(a). ADA retaliation claims are assessed under the same framework for retaliation claims arising under Title VII. *See Stewart v. Happy Herman's Cheshire Bridge,* 117 F.3d 1278, 1287 (11th Cir. Ga. 1997). "To establish a *prima facie* case of retaliation, a plaintiff must show: (1) statutorily protected expression; (2) adverse employment action; and (3) a causal link between the protected expression and the adverse action." *Id.* (citation omitted). Defendant argues that Plaintiff makes only conclusory allegations regarding her "attempts to exercise her rights", i.e., engage in protected activity. Plaintiff does allege facts in an effort to support this element of her claim, specifically, that she requested an accommodation for her daughter's disability. *See* Doc. 10 at p. 7 (citing Doc. 2 ¶ 23). However, the associational provision of the ADA does not require employers to provide accommodations to a non-disabled employee's disabled family member. *Rocky,* 54 F. Supp. 2d at 1165. Thus, Plaintiff's conduct in requesting this accommodation was not an attempt to exercise her rights under the ADA or FCRA and these factual allegations cannot support the element of "protected activity" in her retaliation claim. There are no other factual allegations in

the Amended Complaint which would support the conclusory allegation that Plaintiff attempted to exercise her rights under either the ADA or FCRA. Accordingly, Counts II and VI will be dismissed. It is hereby

**ORDERED that**:

1. Defendant's Motion to Dismiss (Doc. 7) is GRANTED.

2. The Amended Complaint (Doc. 2) is DISMISSED without prejudice.

3. Plaintiff is given leave to file a second amended complaint within fourteen (14) days from the date of this Order, which cures the deficiencies addressed herein.

**DONE AND ORDERED** in Tampa, Florida on April 23, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any